880 July 29, 2026 No. 726

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ODILON ROSAS-CABILDO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV01862; A185371

W. D. Cramer, Jr., Senior Judge.

Submitted June 10, 2026.

Corbin Brooks and Equal Justice Law filed the brief for
appellant. Odilon Rosas-Cabildo filed the supplemental brief
*pro se*.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor
General, and Joanna Hershey, Assistant Attorney General,
filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and
Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment denying post-conviction relief. On appeal, he argues that the post-conviction court erred when it denied relief on his claim that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to consult with and provide testimony from a memory and perception expert to support a defense that the victim had mistaken memories about petitioner being her abuser. In a supplemental *pro se* assignment of error, he argues that the trial court erred when it denied his motion to substitute counsel. We affirm.

We start with the counseled assignment of error. A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish, by a preponderance of the evidence, that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit factual findings on all issues that could be decided more than one way, we will presume that it decided the necessary facts consistently with its conclusions of law. *Id.*

A detailed recitation of the facts would not benefit the parties, bench, or bar. As relevant here, petitioner was charged with numerous counts of sex crimes alleged to have been committed against his girlfriend's daughter, J. At trial, he pursued a defense that J was dishonest about the accusations and made them only to win sympathy and leniency from her mother. He was convicted on all counts. In his post-conviction case, petitioner claimed that trial counsel had provided constitutionally inadequate and ineffective representation by not thoroughly consulting with and thereafter introducing testimony from an expert on "mistaken memory;" specifically, to support a defense theory that J was mistaken in her memories that it was defendant who abused her. In support, petitioner provided an affidavit from a memory and perception expert who opined about the testimony that he could have provided at trial. To defend the convictions, the state introduced declarations from both trial counsel and the prosecutor in which they explained the difficulties with the mistaken memory defense and with petitioner's proffered expert. Of note, both trial counsel and the prosecutor had encountered the expert during trials, and both found that his testimony risked benefitting the prosecution's case.

The post-conviction court ultimately determined that counsel made a "reasonable tactical decision" not to call an expert and pursue a mistaken memory defense. As we have previously explained:

> "[T]actical decisions made in the course of preparing for trial must involve a conscious choice by a lawyer either to take or to omit some action on the basis of an evaluation of the nature and complexity of the case, the likely costs and potential benefits of the contemplated action, and other factors. Tactical decisions must be grounded on a reasonable investigation. The question in each case is whether trial counsel's investigation was legally and factually appropriate to the case."

*Richardson v. Belleque*, 277 Or App 615, 626, 373 P3d 1113 (2016), *aff'd*, 362 Or 236, 406 P3d 1074 (2017) (citations and internal quotation marks omitted).

In counsel's declaration, which the post-conviction court found to be credible, counsel explained that based on his experience pursuing mistaken memory defenses in other cases, and his review of the discovery in petitioner's case, a mistaken memory defense was not plausible based on the facts of the case. Counsel explained that he instead pursued a defense that the victim was dishonest and had a motive to lie because it fit the facts and did not risk introducing expert testimony that could possibly help the state's case.[1] On the factual record before us, the post-conviction court did not err when it determined that counsel "made a reasonable, tactical decision to not call expert witnesses" and "met the standard of exercising reasonable professional skill and judgment."

In addition, the post-conviction court determined that petitioner was unable to demonstrate prejudice, because the identified expert was vulnerable on cross-examination. The record supports that determination. In their declarations, both trial counsel and the prosecutor explained their familiarity with the expert and with the challenges that he had previously faced on cross-examination, which produced testimony that bolstered the prosecution's case. As a result, the post-conviction court concluded that petitioner did not meet his burden to "demonstrate that [the expert]'s testimony would have had a tendency to affect the outcome of [the] case." On the factual record before us, the post-conviction court did not err in concluding that petitioner had failed to demonstrate prejudice.

Petitioner's supplemental *pro se* assignment of error challenges the trial court's denial of substitute counsel. A post-conviction petitioner may not assert "an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner reasonably could have been expected to raise that issue in the trial court and when the petitioner does not assert that the failure to raise that issue constituted inadequate assistance of trial counsel." *Palmer v. State*

---

[1] In support of his claim, petitioner argues that counsel's brief references to the victim's potentially faulty recollections during closing argument indicates that counsel's theory "shifted" or "pivot[ed]" from one predicated on false allegations to one of mistaken memory. That argument is unpreserved, and, further, reading those comments in context of the entire closing argument makes clear that counsel did not abandon his primary defense theory of false allegations. ORAP 5.45(1).

*of Oregon*, 318 Or 352, 354, 867 P2d 1368 (1994). Because petitioner could have raised his challenge to the trial court's ruling on direct appeal, but the record does not indicate that he did so, he cannot obtain post-conviction relief on that claim.

Affirmed.